

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GERALD C. MANN**
**ATTORNEY GENERAL**

Honorable James E. Kilday, Director
Motor Transportation Division
Railroad Commission of Texas
Austin, Texas

Dear Sir:

Opinion No. O-4007
Re: Under the facts set forth, is
it mandatory upon the Railroad
Commission to grant motion for
oral argument on the applica-
tion by a person to operate
motor vehicles for hire over
the public highways?

We have your letter of September 18, 1941, wherein
you set out the following facts:

"I am directed by the Railroad Commission
of Texas to request your opinion on the following
question:

"Assuming that one of the Examiners in the
Motor Transportation Division of the Railroad Com-
mission of Texas hears an application by a person
to operate motor vehicles for hire over the high-
ways of Texas; and assuming that the court reporter
transcribes his notes of the evidence adduced at
such hearing and delivers such transcript to the
Examiner for his utilization in making a report
and recommendation to the Commission as to what
disposition should be made of the proceedings; and
assuming that neither one of the Railroad Commis-
sioners of Texas was present at the hearing and,
therefore, did not view the witnesses and did not
hear any of them testify; and assuming that, while
the record and transcript are with the Examiner
prior to the time that he makes his report and
recommendation to the Commission as to what dis-
position should be made of the proceedings; and
assuming that, during such time while the record
is thus in the hands of the Examiner prior to

Honorable James E. Kilday, Director, Page 2

presentation of the case to the Commission, some
interested party who appeared at the hearing and
participated therein should file a motion with
the Railroad Commission praying that such inter-
ested party be allowed to argue the case orally
before the Commissioners, or a quorum thereof,
contending that, unless such oral argument were
granted and listened to by the Commission, he,
the movant, would forever be deprived of his day
before the Commission,--then and in that event
and under such circumstances, is it mandatory
upon the Commission to grant the motion for oral
argument before the Commission?"

From this state of facts you submit to us the fol-
lowing question:

Under the facts set forth, is it mandatory
upon the Railroad Commission to grant motion for
oral argument on the application by a person to
operate motor vehicles for hire over the public
highways?

Article 911b, Section 12(a) of the Revised Civil
Statutes of Texas, 1925, is as follows:

"The hearing on an application for certifi-
cate or permit shall be conducted under such rules
and regulations as the Commission may prescribe,
and the parties interested, including the Highway
Commission of this State, may appear either in
person or by counsel and present such evidence
and argument as they may desire and as the Com-
mission may deem pertinent, in favor of or against
the granting of such application.  . . ."

Section 14(a) of Article 911b, as amended by the
acts of the 1937 45th Legislature, page 505, chapter 255,
section 1 provides as follows:

"The Commission, or any member thereof, or
authorized representative or examiner of the com-
mission, shall have power to compel the attendance
of witnesses, swear witnesses, take their testi-
mony under oath, make record thereof, and if such

record is made under the direction of a commissioner, or authorized representative or examiner of the commission, a majority of the commission may, upon the record, render judgment as if the case had been had before a majority of the members of the commission."

Under the provisions of the above statutes as quoted it is the opinion of this department that the commission has the power to prescribe such rules and regulations with respect to hearings before it or before one of its examiners as it may deem expedient so long as such rules and regulations are reasonable and do not deprive an interested party of his right to fairly present the matter in controversy. As we understand it, under the facts presented in your letter, all of the evidence in the matter was presented before the examiner and petitioner was accorded a full, fair and complete hearing. This being the case, it is our opinion, and you are so advised, that the matter of allowing oral arguments at this stage of the proceedings before the commission or a majority of the members thereof is a question that is addressed to the sound discretion of the commission and the granting of such request is not mandatory. Rodriquez v. Priest, 126 S. W. 1187, McHugh v. Peck, 29 Tex. 141.

Trusting that this answers your question fully, we are

APPROVED OCT 17, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Douglas E. Bergman
      Assistant

DEB:mp